Mr. Burdett, when you're ready. MR. BURDETT My name is Jim Burdett, and I represent the applicants Lovin, Adams, and Cortazar. May it please the Court. The outcome of this appeal hinges on two very important questions. One, whether the examiner provided sufficient notice to the applicants for the basis of his objection of Claims 1-15, 17-24, and 30-34. THE COURT You didn't separately argue the dependent claims before the examiner, right? MR. BURDETT The claims were separately argued insofar as the independent claims and then reiterating that the dependent claims also didn't incorporate those limitations. No, Your Honor. THE COURT I'm sorry. I didn't understand that. MR. BURDETT It depends what you mean by separately. I would contend that you didn't, before the examiner, you only argued that the limitations of the independent claims were not present in the prior order, as I understand. THE COURT That's correct, Your Honor, because the examiner only provided reasons to argue. There was no prime financial case provided by the examiner for each of the dependent claims, which could be argued. THE COURT We've said recently in Jung that he doesn't have to give detail as to each claim limitation, but you didn't point out to him that you were separately arguing these dependent claims. I guess that's part of the context here when we get to the Board and you do, for the first time, say that these limitations in the dependent claims aren't present in the prior order. MR. BURDETT Yes, Your Honor. I think Jung is a bit distinguishable in that it dealt only with anticipation. It did not deal with obviousness. Anticipation and whether or not each and every limitation of the claims are met is either done explicitly or by inference. With obviousness, the examiner is required to explicitly contend what the differences are between the prior art, as cited, and what is claimed to make a determination that claims specifically the dependent claims are obvious in light of the prior art. THE COURT Let's suppose we reject that and say that the examiner doesn't have to create a list of each limitation and each dependent claim and take it off, that he's entitled to treat the dependent claims together with the independent claims unless the applicant says, no, no, I want them to be considered separately because I don't think some of these are missing from the prior art. Let's assume that that's the case. Then you get to the PTO and for the first time you're arguing that these claim limitations are missing from the prior art. As I understand it, you say under Beaver that that's sufficient to raise   But in Beaver, the dependent claim limitations were argued by the applicants before the examiner. Does that make a difference? I think the instant facts of the case make it somewhat different because we had a protracted prosecution history that had gone on before. At first, the examiner in a first non-final action rejected the claims over two Jones references. Those were overcome after similar arguments being made and there was an indication actually of allowability. But that was a global rejection, I take it. It wasn't that the examiner didn't at that point tease apart the dependent and independent claims or the dependent claims separately, right? The Jones references were a little bit easier to overcome because they were so inapposite to the claim convention. That's the way I look at it. Right, but there was no argument. What Judge Dyke's question goes to is whether there was at any point an argument that the dependent claims stand differently from the independent claims. An argument by you. Clearly in the appellant's brief there was. Yeah, but before the examiner is the question. We know that there was, well it's disputed in a sense, but that there was at least reference to the distinction. But the question is, was that ever referenced before the examiner? On a claim by claim by claim basis? Yes. No, because the applicants did not have the sufficient notice to understand why after the examiner had indicated allowability of certain claims and then had allowed certain claims up until the point in time that the third reference, the tertiary reference, had been applied for the rejection of the claim. So we were still trying to figure out why claims that had been indicated allowable over previous prior art, including Benn and Takagi, which were the primary and secondary references here, would now require any different argument than we had in the previous three years of prosecution. I'm not following this. I mean what you're saying now is that you're not arguing the independent claims on the appeal. Certain of the independent claims, Your Honor, just to be sure. Claims 1 and 30, we do argue that the claims shouldn't have stood or fall, as the board had said, based merely on the comparison of claim 1 and claim 30. Well, but the point is that dependent claims have additional limitations. You didn't say to the examiner those should be treated separately, and I'm not understanding what the explanation is for not doing it. It may be that you don't have a problem. It may be that you don't have to argue that before the examiner, but the fact is you didn't argue it before the examiner. The question is should that make a difference in terms of what you are allowed to do or what you have to do when you get to the board? Well, I don't think you have a dividing line just to the board. I think the same arguments which were made in the appellate's brief at the board can be considered throughout the prosecution history. It's not just a picture of, oh, in the third final rejection, or in response to the third final rejection, which the applicants did not respond to. They filed a notice of appeal. There was no reason, calculable reason, that we hadn't already raised with respect to the prosecution and the lack of a prime fish case. But the other aspect of this is you didn't file a reply. When the examiner did before the board come up with specifics as to the dependent claims, which he did in the answer before the board. Yes, for the first time. For the first time. And then you didn't respond to that. The question is, you know, having not raised this before the examiner, having elected not to file a reply brief, the question is have you adequately argued the issue? I would say, Your Honor, that the failure to file a reply brief in reply to the examiner's first mention of calculable differences to some of the dependent claims was made because there was a feeling on applicants' part that they had sufficiently argued each and every of the claims in their opening brief, in the appellate's brief, and patent office practice does not permit, nor does it request, re-arguing arguments that have already been made. Yes, but the argument in the opening brief was so summary. All it said, with respect to these dependent claims, is that it described the features of the dependent claims and said these features aren't found in the prior art. That's pretty summary. Well, Judge Dyck, I think you're ignoring or looking over the three plus pages of description of the independent claims and the elements of those independent claims that went before, then discussing on an element by element basis and a part number by part number basis, if you would, in the figures. There was a detailed description of why those differed from Ben and Takagi, Ben and Takagi both being in the friction welding art. The fact that this third, this tertiary reference had been brought up. But the board addressed those contentions, right? With respect to claims one and 30. Yeah. But they did not address those with respect to any of the other claims, including— The same limitations in the dependent claim. Well, those limitations, yes, but not the— Yeah, but what I'm saying is that with respect to the dependent claim limitations, the board didn't address them, but on the other hand, all you said with respect to them was that they're not present in the prior art. And we described more just in the recitations of the claims in the opening brief before the board. There was the description of the independent claims. There was a description on— Help me because I'm not understanding what you're saying. There was a three-plus page description of the independent claims. Give us an example. Yes. Give us an example of where you provided more detail with respect to one of the dependent claim limitations that wasn't present in the independent claims. Well, if I can pick one for you, save you some time. Yes. A60, Claim 8, the last full paragraph before you get to the heading Claim 9. That's your argument, I take it, about— After you finish describing— Yes. —what Claim 8 adds. That's your legal argument as to why Claim 8 is allowable. Yes, Your Honor. Right. But I'm sorry. I don't see that there's more than a statement of what Claim 8 requires and then a statement that there's simply no teaching or suggestion of doing this. But not a teaching or suggestion in the prior art. No teaching or suggestion elucidated by the examiner. That's essentially the same legal argument you make with respect to each of the dependent claims, right? I would say that's fair characterization, Your Honor. If there are no further questions, I'd reserve the rest of my time. Thank you. Save the rest of your time. Go ahead and fill it. Thank you, Your Honor, and may it please the Court. The Board did not plainly err when it held here that Loven failed to separately argue any claims other than Claims 1 and 30 in his appeal brief. As Judge Bryson's question regarding Claim 8 shows, all Loven argued was that there's an additional step in the dependent claims or in Claim 8's situation. Well, there's an additional step, but then they add that that additional step is nowhere disclosed in the cited prior art cited by the examiner. That's right. They go on and say it's a summary argument, but it's an argument, I guess. Right. And it's an argument that seemed to be, in a different factual context, sufficient in Beaver. Because the arguments with respect to some of the dependent claims in Beaver are not much different from this. The question that I have is, is Beaver distinguishable because the applicant raised these dependent claim limitations before the examiner or is it different because the examiner addressed them and there's no reply? I mean, what is it here that results from the waiver? It seems to me that it's difficult to find a waiver just because they were summary in the opening brief of the board in the light of Beaver. I think that it's a combination of the circumstances in this case, Your Honor, that is the difference. First, the issues joined in front of the examiner were the patentability of Claims 1 and 30 and the issues in that regarding continuously modulating the torque throughout the production weld to match that of the sample weld. Only at the stage of the appeal brief was the first time that the appellant ever indicated separate patentability of the dependent claims, at which point the examiner and his examiner's answer responded on the merits to those arguments and Loven chose not to reply. So what the board had in front of it was sort of a shift in the scope of what was being argued in front of it and the examiner responded and Loven chose not to reply. I think in that situation, at least, it's appropriate for the board to find waiver where the only argument made was completely rebutted at the first opportunity the examiner had to rebut that. But that was not my understanding of the ground for the board's decision. I didn't understand the board to say that either the failure to argue this with sufficient segregated specificity before the examiner or the failure to file a reply results in either a forfeiture or a necessary judgment on the merits. Rather, the board seemed to say you didn't separately argue these points and therefore, and for that reason and for that reason only, you've waived your right to separate treatment of them and then didn't address the merits of the various dependent claims. Isn't that right? I think that is largely the case, although I want to point out in the rehearing decision at page 4 of the appendix, the board does note that it was not until the appeal brief that the appellant separately addressed the dependent claims. Do you understand that to be part of the board's rationale? My understanding was that that may be true, but that the board's rationale was predicated on the failure to separately argue the dependent claims. I think that's the primary basis for the board's rationale, but I did want to indicate that the board did at least address the fact that the applicant had not addressed it. The difficulty I'm having is that that's what the board said, at least two members of the board. But you look at this and you would conclude, I think, that this may be summary, but there is an argument there, right? I mean, in the case of each of the dependent claims. If this were a brief before us, I would think we would say, well, you know, not much of an argument. It isn't detailed and it certainly isn't very specific, but it's there, so we can't say that it wasn't argued, which seemed to me... I'm a little puzzled why the board chose to characterize this as simply describing the claims and not making a legal argument with respect to their allowability. What the board said was that the assertion that something was missing from the prior art was tantamount to merely asserting a distinction between the claims. And interestingly, Lovin in his reply brief... But isn't it a difference? I mean, it does seem to me that when you say that there's nothing in the prior art that supports this additional limitation, you've made a legal argument. It may be that the argument is answerable, but it does seem to be a legal argument, discreet from simply describing the fact that there isn't an extra limitation. There is an attempt at an argument, but as the board has held previously, Lovin in his reply brief at page 7 points to ex parte P, where the applicant in ex parte P, in his appeal brief, actually made very similar arguments to those made at page A60 with respect to claim eight. The applicant says, this is an additional limitation added by this dependent claim that's not taught. Then gives some specification support and says, this is not taught in the cited prior art, and that's why I'm entitled to a patent. And in P, the board held that that was insufficient. But the problem is Beaver seems to go the other way, and Beaver is our decision, and it's binding on the board. So are you suggesting that the board can change the rules that we set forth in Beaver? Well, the board is interpreting its own regulation, but it does have to do so in light of this court's decision in Beaver. And I think Beaver leaves the board sufficient room to make the holding that it did here. Because in Beaver, the applicant actually did make an argument regarding the film backup plate and said it was not adjustable and pointed to the prior art showing where, in fact, it showed that it was not adjustable, unlike the applicant here, who merely asserted that it was absent and then was faced with a response by the examiner that it was, in fact, present and chose not to respond at all on the merits of that argument. Well, what am I missing? If you look at page 330 of Beaver, at the top of the left-hand column, there are a couple of arguments there. It says, obviously, neither Steckbart nor Wolfe discloses this type of construction. Obviously, neither Steckbart nor Wolfe includes this type of construction. Now, that seems to be just about as summary as what we have here. That's correct. But above that, with respect to Claim 20, this is at page 329 of Beaver, Beaver also had argued that Claim 21 is based on Claim 20 and requires that it be adjustable. And it had previously argued that the film guide plate was secured to the bottom wall parallel to the front wall. That's just a description of what the claim entails. It's not a legal argument as to its allowability, right? That's correct, Your Honor. Here, we have an ample description of what the claims entail. The problem is how little legal argument there is. Really. And so the question, it seems to me, still stands that Judge Dyke raises is, how is this, with respect to the legal argument that's made, is to allowability. How does the representation that's made here differ from the representation that was made with respect to that claim in Beaver? Right. Unlike Love and Beaver actually pointed to the prior art and the most relevant teaching of the prior art and said, no, there's a fixed backup plate in the prior art. And that's why the claim limitation of adjustable backup plate is not met in the prior art reference. But here, Lovin points to the prior art and says that there's nothing there that's like what this limitation is in my dependent claim, right? That is what he asserts, yes, Your Honor. Although it's apparent from the face of the prior art that these limitations are, in fact. Well, if the board had said that, then we'd be done, presumably, or at least we'd be making a different argument here. But they didn't. That's what, it just is a little hard to understand why the board, my difficulty, I guess I'm repeating myself here, is my difficulty is the board's characterization of this appeal brief, which seems, particularly in light of Beaver, a bit harsh. Is there any change in the board's regulations between the time of Beaver and the present? The regulation was moved within Title 37, but no substantive change was made. We're talking about 41.37? Yes. Is that what we're talking about? Yeah. I read the regulation. It doesn't seem to really address the nuts and bolts of what the issue here we're dealing with. It's pretty general about what you ought to have in your appeal brief, right? Right, generally. No place there that it says. And don't argue in a summary fashion by simply making an assertion that some limitation is not found in the prior art. No, Your Honor, it doesn't say that. But it does put applicants on notice that even if they follow the heading requirements and other requirements of that rule, if they fail to make a substantive argument, the board may treat it. If they fail to make a substantive argument. And that brings us around to the question of what's a substantive argument. And that, the regulation doesn't seem to address. Right, it doesn't. And the board here interpreted to require some level of sufficiency of a substantive argument. So I guess what you're arguing is that the board has a regulation that in P, they interpreted the regulation to require something more than what was done here. And that despite Beaver, we ought to defer to the board's interpretation of its own regulation. Yes, Your Honor. I think this court should defer to the court's interpretation of its own regulation. And even if the board were not to have, were to have held improperly that Loven waived, I think the ultimate issue in front of this court is not whether the board was correct regarding waiver or not, it's whether or not Mr. Loven is entitled to a patent on these dependent claims. Now, the reference to the regulation that you're alluding to, I take it is at page four of the rehearing opinion. Yes. The board says from three to four, the appellant's statement as to what each claim recites, followed by a statement that there's no corresponding step in the applied references is tantamount to merely pointing out the differences in what the claims cover and is not a substantive argument in citing the regulations. Right. And that's an interpretation of the regulation in effect. Yes, Your Honor. And the board makes the same interpretation at pages 825 to 826 in the original. And with reference to the regulation? Yes, Your Honor. It cites the regulation at the top of page 826. If there are no further questions, I'll yield the remaining of my time. Very well. Thank you. Mr. Burnett. Your Honors, if I calculated correctly, I have about two minutes left. I want to stress two points. First being. Actually, your time should be showing. Yes, 440 there. There you go. Sorry. There are two points I would like to stress. The first one is on sufficient notice. It's not so much that the examiner can just put up a piece of prior art and not say anything specific, not say anything specific, that the applicant should be burdened to divine whatever the reasons and rationale, particularly when the primary and secondary references had been argued quite a lot. And because the examiner, prior to the application of the tertiary reference, had allowed claims 1 through 15 and 17 through 24. Could the board have a regulation which said that simply describing the claim limitations in a conclusory way, saying these aren't found in the prior art, is not a sufficient argument? I think that requires a little bit of analysis in looking at Graham and KSR. Yes, the examiner can look to logic and common sense and cite a reference. I'm talking about the board in its own proceedings. I understand, Your Honor. OK. What I'm saying is that the board could have this regulation. I wouldn't believe that it would be adequate under the APA or under. Why? What would be wrong with that? I mean, we ourselves have said that a conclusory argument in a brief isn't sufficient. If the board said in a regulation, you've got to do more than describe the claim limitations and say they're not present in the prior art, that isn't a sufficient argument. What would be wrong with that regulation? Because it would be tantamount to allowing the examiner on obviousness-type rejections to just put a reference out there and say the same type of conclusory rejection, that it's rejected over the prior art. How does an applicant know just based on the conclusory statements? Even when the examiner first addressed the dependent claims in the examiner's answer brief, he didn't address all of them. He addressed some. He didn't do two through seven. He started with eight. There was a pedigree of reasons why the applicants didn't know how to argue because they weren't given sufficient notice. Because he didn't make, in your view, a prima facie case. Correct. And that was regularly stated throughout the prosecution history from the first non-final rejection through the third non-final rejection and at least up to the second final rejection. And during the interview, when the examiner had allowed claims one through 15, 17 through 24, then the Ludwig reference pops up without any kind of description how it meets the admitted deficiencies in Ben and Takagi. Applicant didn't know what to do in that regard. The board suggested we should have petitioned. And that was such a ludicrous statement because the board says that's for procedural matters. It is a legal matter for the examiner to give a sufficient prima facie case to provide that sufficient notice in order to argue. What do you think is, without conceding that any of your dependent claims are unpatentable, what do you think is your strongest dependent claim? I can't answer that standing here, Your Honor. All right. Some of them, frankly, are pretty thin. A dependent claim that adds the notion that you have deceleration of the parts. It seems to follow pretty reasonably that deceleration would be necessary inherently into the operation of this. Well, it certainly wouldn't be inherent in the Ludwig reference because the Ludwig reference is two stationary parts having a weld seam. Yeah, but if you have a system that uses friction weld, then you're going to have deceleration, I would think. You're not going to. To get it off the lathe, you have to decelerate. Of course, but I think that particular claim that you're referring to, and I'm going from memory so I don't know the exact one, but it was dependent further on the claims that were talking about the method in which the torque was modulated through the reference. Well, perhaps. Thank you, Your Honor. Thank you very much. The case is submitted.